File #: 32402

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
= = = = = = = = = = = = = = = = = = = = = = = = = =X
TYRONE BROWN

                Plaintiff(s),

    -against-

BSC RETAIL OWNER LLC, CVS PHARMACY AND
CVS HEALTH SOLUTIONS LLC

                Defendant(s).

= = = = = = = = = = = = = = = = = = = = = = = = = =X

Index No.:
Date of Purchase:

**SUMMONS**
Plaintiff designates
KINGS
County as the place of trial

The basis of the venue is:
Situs of Occurrence

County of KINGS

To the above named defendant(s):

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorneys within 20 days after the service of this summons exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated:  New York, New York
         July 21, 2021

                               **PETER MAY, ESQ.**
                               SUBIN ASSOCIATES LLP
                               Attorneys for Plaintiff
                               Address and Telephone Number
                               150 Broadway – 23rd Fl
                               New York, New York  10038
                               (212) 285-3800
                               FILE NO.: 32402

Defendants Address:

BSC Retail Owner LLC
28 Liberty St.
New York, NY 10005

                                                 **[SEE RIDER FOR ADDITIONAL DEFENDANTS]**

### *RIDER*

CVS Pharmacy
1346 Pennsylvania Ave.
Brooklyn, NY 11239

CVS Health Solutions LLC
28 Liberty St.
New York, NY 10005

FILE #: **32402**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
TYRONE BROWN,                                    **VERIFIED COMPLAINT**

                Plaintiff(s),

    -against-

BSC RETAIL OWNER LLC, CVS PHARMACY AND CVS
HEALTH SOLUTIONS LLC,

               Defendant(s).
-------------------------------------------------------------------X

Plaintiff, **TYRONE BROWN**, by his attorneys, **SUBIN ASSOCIATES LLP** as and for a cause of action alleges, upon information and belief, as follows:

1. That at all the times herein mentioned, and more particularly 08/29/2020, 1346 Pennsylvania Avenue, was and still is a premises in the Borough of Brooklyn, County of Kings, City and State of New York which consisted of a building and parking lot thereat.

2. That said parking lot were public thoroughfares along and over which the public at large had a right to walk.

3. That at all the times herein mentioned, the defendant BSC RETAIL OWNER LLC, was and still is a corporation doing business in the State of New York.

4. That at all the times herein mentioned, the defendant BSC RETAIL OWNER LLC, was and still is a limited liability company doing business in the State of New York.

5. That at all times herein mentioned, the defendant BSC RETAIL OWNER LLC, was the owner of the premises located at and known as CVS Pharmacy, 1346 Pennsylvania Avenue, Brooklyn, New York.

6. That at all the times herein mentioned, the defendant BSC RETAIL OWNER LLC, its agents, servants and/or employees operated the aforementioned premises and the abutting parking lot.

7. That at all the times herein mentioned, the defendant BSC RETAIL OWNER LLC, its agents, servants and/or employees maintained the aforementioned premises and the abutting parking lot.

8. That at all the times herein mentioned, the defendant BSC RETAIL OWNER LLC, its agents, servants and/or employees managed the aforementioned premises and the abutting parking lot.

9. That at all the times herein mentioned, the defendant BSC RETAIL OWNER LLC, its agents, servants and/or employees controlled the aforementioned premises and the abutting parking lot.

10. That at all the times herein mentioned, the defendant CVS PHARMACY was and still is a corporation doing business in the State of New York.

11. That at all the times herein mentioned, the defendant CVS PHARMACY was and still is a partnership doing business in the State of New York.

12. That at all the times herein mentioned, the CVS PHARMACY was the owner of the premises located at and known as CVS Pharmacy, 1346 Pennsylvania Avenue, Brooklyn, New York.

13. That at all the times herein mentioned, the defendant CVS PHARMACY, its agents, servants and/or employees operated the aforementioned premises and the abutting parking lot.

14. That at all the times herein mentioned, the defendant CVS PHARMACY its agents,

    servants and/or employees maintained the aforementioned premises and the abutting parking lot.

15. That at all the times herein mentioned, the defendant CVS PHARMACY, its agents, servants and/or employees managed the aforementioned premises and the abutting parking lot.

16. That at all the times herein mentioned, the defendant CVS PHARMACY, its agents, servants and/or employees controlled the aforementioned premises and the abutting parking lot.

17. That at all the times herein mentioned, the defendant CVS HEALTH SOLUTIONS LLC, was and still is a corporation doing business in the State of New York.

18. That at all the times herein mentioned, the defendant CVS HEALTH SOLUTIONS LLC, was and still is a limited liability company doing business in the State of New York.

19. That at all the times herein mentioned, the defendant CVS HEALTH SOLUTIONS LLC, was the owner of the premises located at and known as CVS Pharmacy, 1346 Pennsylvania Avenue, Brooklyn, New York.

20. That at all the times herein mentioned, the defendant CVS HEALTH SOLUTIONS LLC, its agents, servants and/or employees operated the aforementioned premises and the abutting parking lot.

21. That at all the times herein mentioned, the defendant CVS HEALTH SOLUTIONS LLC, its agents, servants and/or employees maintained the aforementioned premises and the abutting parking lot.

22. That at all the times herein mentioned, the defendant CVS HEALTH SOLUTIONS LLC, its agents, servants and/or employees managed the aforementioned premises and the

abutting parking lot.

23. That at all the times herein mentioned, the defendant CVS HEALTH SOLUTIONS LLC, its agents, servants and/or employees controlled the aforementioned premises and the abutting parking lot.

24. That at all the times herein mentioned, it was the duty of the defendant(s) their agents, servants and/or employees to keep and maintain said parking lot in a reasonable state of repair and good and safe condition, and not to suffer and permit said premises to become unsafe and dangerous to pedestrians and/or customers.

25. That on or about 08/29/2020, while plaintiff was lawfully walking on the aforementioned parking lot plaintiff Tyrone T. Brown was caused to fall and sustain multiple injuries by reason of the negligence, carelessness and want of proper care of the defendant(s), their agents, servants and/or employees.

26. That the said incident and resulting injuries to the plaintiff were caused through no fault of his own but were solely and wholly caused by reason of the negligence of the defendants, their agents, servants and/or employees in that the defendants suffered, caused and/or permitted and/or allowed portions of said parking lot, to be, become and remain in a dangerous, defective, hazardous, unsafe, broken, cracked, uneven, holey, chipped, depressed, raised, unsmooth, loose condition and was negligently and/or improperly maintained, and same was otherwise so dangerous, hazardous, and/or unsuitable for use by persons lawfully upon the parking lot constituting a nuisance and a trap, and permitting same to be and remain in such a dangerous and defective condition for a long period and/or unreasonable period of time; in improperly causing, suffering, permitting and/or allowing improper construction of said parking lot and in failing to

properly maintaining said parking lot, in permitting and allowing defective repairs on said parking lot, in failing to apprise and/or warn the public and in particular the plaintiff of the aforementioned conditions; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the dangerous, unsafe condition thereat; in generally maintaining said parking lot in such a dangerous defective and/or unsafe condition so as to cause the incident herein complained of; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to comply with the laws, statutes, ordinances and regulations made and provided therefor. Plaintiff further relies on the doctrine of Res Ipsa Loquitur.

27. That by reason of the foregoing, plaintiff was caused to sustain serious, harmful and permanent injuries, has been and will be caused great bodily injuries and pain, shock, mental anguish; has been and is informed and verily believes maybe permanently injured; has and will be prevented from attending to usual duties; has incurred and will incur great expense for medical care and attention; in all to plaintiff's damage in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction and which warrants the jurisdiction of this Court.

28. Due to the abovesaid, plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC §1332(a) exclusive of interest and costs.

**WHEREFORE**, the plaintiff demands judgment against the defendant in amounts which exceed the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in amounts to be determined upon the trial of this action, together with the costs and disbursements of this action, and with interest from the date of this accident.

DATED:  New York, New York
        July 21, 2021

Yours, etc.

**PETER MAY, ESQ.**
SUBIN ASSOCIATES, LLP
Attorneys for Plaintiffs
150 Broadway
New York, New York  10038
(212) 285-3800

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

I, the undersigned, an attorney admitted to practice in the courts of New York State, state under penalty of perjury that I am one of the attorneys for the plaintiff(s) in the within action; I have read the foregoing **SUMMONS AND COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe to be true. The reason this verification is made by me and not by my client(s), is that my client(s) are not presently in the County where I maintain my offices. The grounds of my belief as to all matters not stated upon my own knowledge are the materials in my file and the investigations conducted by my office.

Dated: New York, New York
July 21, 2021

**PETER MAY, ESQ.**

Index No:

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS**

===============================

TYRONE BROWN

                         Plaintiff(s),

-against-

BSC RETAIL OWNER LLC, CVS PHARMACY AND CVS HEALTH SOLUTIONS LLC,

                         Defendant(s).

===============================

### SUMMONS AND VERIFIED COMPLAINT

===============================

**SUBIN ASSOCIATES LLP**
Attorneys for Plaintiff
Office and Post Office Address, Telephone
150 Broadway – 23rd Fl
New York, New York  10038
(212) 285-3800
File No.: 32402