UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
TYRONE BROWN,

                              Plaintiff,

                v.

BSC RETAIL OWNER LLC, CVS PHARMACY,
CVS HEALTH SOLUTIONS LLC, and
BROOKSVILLE AFFORABLE LLC,

                            Defendants.
-----------------------------------------------------------------

**ORDER**
21-CV-4958 (MKB)

MARGO K. BRODIE, United States District Judge:

      Plaintiff Tyrone Brown commenced the above-captioned action on August 25, 2021, in the New York Supreme Court, Kings County (the "State Court"), against Defendants BSC Retail Owner LLC ("BSC"), CVS Pharmacy, and CVS Health Solutions LLC (collectively, the "CVS Defendants") to recover for personal injuries he allegedly sustained from a trip and fall at 1346 Pennsylvania Avenue in Brooklyn on August 29, 2020.  (Summons and Verified Compl. ("Compl.") 3, 7, annexed to Notice of Removal as Ex. 2, Docket Entry No. 1-2.)  On September 2, 2021, the CVS Defendants removed the action to this Court based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.  (Pet. for Removal.)  With the consent of all parties, Plaintiff subsequently amended the Complaint to add nondiverse defendant Brooksville Affordable LLC d/b/a Twin Pines Management ("Brooksville"), BSC's managing agent for the premises where Plaintiff's accident occurred.  (Min. Entry and Order dated Nov. 22, 2021.)  With the consent of all parties, Plaintiff now moves to remand the action to the State Court.  (Pl.'s Mot. to Remand, Docket Entry No. 18; Letter Regarding Remand, Docket Entry No. 19; Letter dated Jan. 24, 2022, Docket Entry No. 21.)

Accordingly, the Court grants Plaintiff's consent motion to remand and remands the action to the State Court.  *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.); *see also, e.g.*, *Begani v. 960 Assocs. LLC*, No. 18-CV-12000, 2021 WL 5362173, at *6 (S.D.N.Y. May 10, 2021) ("Here, [the district court judge] permitted joinder of [the nondiverse defendant] *after* the [a]ction had been removed to this [c]ourt.  . . . [Because the nondiverse defendant's] joinder destroys the [c]ourt's subject matter jurisdiction, the [c]ourt must remand the [a]ction to State Court." (citing 28 U.S.C. § 1447(e))), *report and recommendation adopted*, (S.D.N.Y. Oct. 20, 2021).

The Clerk of Court is respectfully directed to close this case.

Dated: January 28, 2022
      Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge